Lisa WESSELS, Plaintiff–Appellee,

v.

EDUCATIONAL CREDIT MANAGE-MENT CORPORATION, Defendant–Appellant.

No. 01–C–0582–C.

United States District Court,
W.D. Wisconsin.

Jan. 9, 2002.

Jeffrey W. Guettinger, Eau Claire, WI, for Plaintiffs.

Craig V. Kitchen, Attorney at Law, Eau Claire, WI, for Defendants.

## OPINION AND ORDER

CRABB, District Judge.

Defendant-appellant Educational Credit Management Corporation has appealed from a decision of the United States Bankruptcy Court discharging plaintiff-appellee Lisa Wessels's federally guaranteed student loan obligation. The bankruptcy court's decision was a final order in a core proceeding. 28 U.S.C. § 157. Therefore, this court has jurisdiction to hear the appeal, 28 U.S.C. § 158(a)(1).

■ The legal issue raised in this suit is whether plaintiff adduced sufficient evidence to support the bankruptcy court's conclusion that requiring her to repay her student loan would work an undue hardship on her within the meaning of 11 U.S.C. § 523(a)(8). Section 523(a)(8) makes most student loans non-dischargeable "unless excepting such debt from discharge under this paragraph will impose an undue hardship on the plaintiff and the plaintiff's dependents." The Court of Appeals for the Seventh Circuit applies a three-part test for determining "undue hardship": 1) the plaintiff cannot maintain a minimal standard of living for herself and her dependents if forced to repay the student loan, taking into account current income and expenses; 2) additional circumstances exist indicating that the plaintiff's financial situation is not likely to improve for a significant portion of the repayment period; and 3) the plaintiff has made good faith efforts to repay the loan. *Matter of Roberson,* 999 F.2d 1132, 1135 (7th Cir.1993). The burden is on the plaintiff to establish that her circumstances warrant discharge of the loan, *id.* at 1137, and review of the bankruptcy court's decision is *de novo. Id.*

■ At the hearing on discharge, plaintiff showed that she is a single mother of two children, ages five and thirteen. She is employed as a licensed practical nurse at Midelfort Clinic, working approximately 56 hours every two weeks. Her take home pay from this job is approximately $530 every two weeks. She receives child support of $559 a month for both children, although the $229 for her son is not always paid on time. In 2000, she received an earned income credit along with her tax refund in the total amount of $2085. Her monthly expenditures are modest ($474 for rent with a $26 housing assistance discount; $150 for utilities; $219 for food, water and renters' insurance; $145 for clothing, uniforms and laundry; $100 for medical and dental expenses including insurance premiums; automobile expenses of $283, including gasoline, insurance, repairs and car payment; $240 in daycare expense; $20 for her children's extracurricular activities; $35 for haircuts; and $40 for pet care and feminine hygiene products, plus a fairly large grocery expenditure of $600). Her monthly expenditures exceed her income by about $300 to $500; she testified that she makes up this difference by borrowing from her boyfriend, cutting back on clothes expenditures by shopping at Goodwill and letting bills go unpaid. Despite this, she has no large accumulated debt, which suggests that she does not overspend her income on a regular basis. Her housing is subsidized and

she qualifies for the Badger Care medical program for uninsured or underinsured Wisconsin residents. She traded in the car she had for a less expensive one thereby reducing her monthly expenses. Her monthly student loan payment is $100 a month for the next ten years. Plaintiff's children have no physical or mental disabilities and the bankruptcy judge found plaintiff to be "an impressive young woman." Tr. at 41.

There is no question but that plaintiff is living frugally on her present income. The question is whether she has shown that it would be an undue hardship on her to make $100 loan payments each month for the next ten years. From my review of the record, I am not convinced that she has made the necessary showing. The bankruptcy judge speculated that she might be able to increase her work week to 35 to 40 hours but that if she did so, she would incur additional expenses and lose public assistance. There is no evidence in the record to show that plaintiff would not gain net income by increasing her work time. Plaintiff has made one or two payments on her loan obligation and has made three to four requests for deferment of the payments.

Plaintiff argues that defendant is engaging in fuzzy math, speculation and a distortion of the record when it argues that she could obtain a 40 hour a week job as a licensed practical nurse and that defendant never introduced any evidence or expert testimony to prove that 40 hour a week jobs exist in the area in which she lives. Plaintiff has it wrong. It is not defendant's burden to show that full-time jobs exist for which plaintiff would be qualified. It is plaintiff's burden to show that she is one of the very few persons whom Congress intended to exempt from the nearly universal requirement that student loan plaintiffs must pay back their guaranteed student loans in full.

Not only did plaintiff fail to show that her present employment provides her as much work as she could obtain anywhere in her area, she did not show that full-time work would increase her expenses or disentitle her to state and local assistance. She did not show, for example, that she would incur additional child care expenses if she planned her work schedule for times when her thirteen year old daughter or her son's father could provide child care for her five year old son. As a person trained to perform work that is in high demand in most areas of the country, plaintiff should be able to find a job that affords her a work schedule that minimizes her need for paid child care. Increasing her work time to 40 hours a week or more would produce significant additional income. It is up to her to prove both that such extra income would be offset by the reductions in assistance she is receiving *and* that this situation will continue for the next ten years, as her son matures past the age at which he needs child care and her daughter leaves home.

It is understandable that plaintiff would prefer to spend time with her children and that she has resisted applying for full-time jobs so that she has the leisure to be with her children, to help out in the school her son attends and to do her own errands. Thousands of other mothers in similar circumstances would make the same choice if they could. As a matter of public policy, it might be a good thing for the country if mothers of young children were not required to work to meet their financial obligations. Until Congress adopts such a policy, however, I cannot say that working a 40–hour week would be an "undue hardship." within the meaning of 11 U.S.C. § 523(a)(8). I conclude that it was error for the bankruptcy court to make that

finding on the record before it. Unless plaintiff can show either that there is either no work available in her area or that having to work full-time would not result in any net financial gain now or over the next ten years, she has not succeeded in proving her entitlement to the discharge of her student loan obligation under the test applied by the court of appeals. *Roberson,* 999 F.2d 1132.

### ORDER

IT IS ORDERED that the decision of the United States Bankruptcy Court ordering the discharge of plaintiff Lisa Wessels's student loan obligation is REVERSED and this case is remanded to the bankruptcy court for further proceedings in conformity with this decision.